Matter of Pollak (2024 NY Slip Op 04206)

Matter of Pollak

2024 NY Slip Op 04206

Decided on August 14, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2024-01841

[*1]In the Matter of Stewart David Pollak, a suspended attorney. (Attorney Registration No. 2654465)

APPLICATION pursuant to 22 NYCRR 1240.10 by Stewart David Pollak, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 5, 1995, to resign as an attorney and counselor-at-law. By opinion and order of this Court dated February 13, 2020, the respondent was suspended from the practice of law for a period of three years, commencing March 16, 2020 (Matter of Pollak, 181 AD3d 132).

Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for Grievance Committee for the Tenth Judicial District.
Stewart David Pollak, Woodbury, NY, respondent pro se.

PER CURIAM.

OPINION & ORDER
The respondent, Stewart David Pollak, has submitted an affidavit sworn to on February 19, 2024, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in his affidavit that he is currently the subject of three complaints being investigated by the Grievance Committee for the Tenth Judicial District, involving allegations that he engaged in the unauthorized practice of law during a period of time when he was suspended from the practice of law and the misappropriation of client funds in relation to his representation of the Estate of Leonor Carvajal. The respondent attests that he cannot successfully defend himself against the allegations based upon the facts and circumstances of his professional misconduct.
The respondent acknowledges that his resignation is freely and voluntarily tendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
The respondent consents to the entry of an order by the Court, pursuant to Judiciary Law § 90(6-a), directing that he make monetary restitution to the Estate of Leonor Carvajal in the sum of $157,133.73 and that he reimburse the Lawyers' Fund for Client Protection of the State of New York (hereinafter the Lawyers' Fund) for any award paid as a result of his misappropriations. He further acknowledges that his resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund and that he consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of an order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event the Court accepts his [*2]resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the application of the respondent, Stewart David Pollak, a suspended attorney, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Stewart David Pollak, a suspended attorney, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Stewart David Pollak, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Stewart David Pollak, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(a), the respondent, Stewart David Pollak, shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any award made to the Estate of Leonor Carvajal; and it is further,
ORDERED that in the event that no awards have been made by the Lawyers' Fund for Client Protection of the State of New York to the Estate of Leonor Carvajal, the respondent, Stewart David Pollak, shall make monetary restitution to the Estate of Leonor Carvajal in the amount of $157,133.73, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that in the event that partial awards have been made by the Lawyers' Fund for Client Protection of the State of New York to the Estate of Leonor Carvajal, the respondent, Stewart David Pollak, shall make partial restitution to the Estate of Leonor Carvajal to the extent that the Estate of Leonor Carvajal has not been fully reimbursed, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(d), this opinion and order may be entered as a civil judgment, and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection of the State of New York or by the Lawyers' Fund for Client Protection of the State of New York where it has been subrogated to the rights of such party; and it is further,
ORDERED that if the respondent, Stewart David Pollak, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court